# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY L. FOLCK,<br><br>                Plaintiff,<br><br>v.<br><br>LENNAR CORPORATION, et al.,<br><br>                Defendants. | Case No.: 3:17-cv-00992-L-NLS<br><br>**ORDER ON DEFENDANT'S MOTION [Doc. 15] TO COMPEL ARBITRATION** |

      Pending before the Court is Defendants'[1] motion to compel arbitration. For the foregoing reasons, the Court denies Defendant's motion pending completion of a jury trial on the specific issue of whether Plaintiff Jeffery L. Folck ("Plaintiff") consented to an arbitration agreement.

//
//
//
//
//

---

[1] Defendants are Lennar Corporation; Lennar Homes, LLC; and Lennar Multifamily Communities, LLC.

1

# I. BACKGROUND

Defendants are a group of companies that are collectively engaged in the business of developing rental apartment communities. Defendants hired Plaintiff as an employee in April of 2013. During the hiring process, Plaintiff signed various documents. One document was an Employment Application [Doc. 23-5 Ex. C]. In addition to the customary information featured on employment applications, the Employment Application featured a stipulation that read "(Does not apply to Associates employed in California): Associate and [Defendants] both waive the right to any jury trial in any action, proceeding or counterclaim brought by either party against the other." (Employment Application.) Plaintiff, whose employment was in California, did not initial this stipulation.

Shortly after Plaintiff began his employment, Defendants left a 168-page document called an Associate Reference Guide (ARG) on Plaintiff's desk. Contained inside the ARG was a 2011 Arbitration Agreement [Doc. 15-3] that stated continuation of employment constituted amounted to acceptance of the Arbitration Agreement. Plaintiff signed a Receipt indicating that (1) he had received a copy of the ARG as well as four other items and that (2) he would safeguard the items and return them upon termination of employment. (Receipt [Doc. 15-5].)

In December of 2014, Defendants allege that Plaintiff completed a Policy Certification Program online. To access the online course, Plaintiff allegedly entered a unique username and password, reviewed a 2014 version of the ARG that contained a 2014 Arbitration Agreement [Doc. 15-5], and clicked a box indicating his assent to the 2014 ARG. (Acknowledgment [Doc. 15-6], p. 1 of 3.) Plaintiff disputes that he acknowledged the 2014 ARG.

On October 15, 2016, Defendants fired Plaintiff. Plaintiff subsequently emailed Defendants requesting his personnel file. Defendants' responsive production did not include any arbitration agreements or acknowledgments of arbitration agreements. Accordingly, on April 14, 2017, Plaintiff filed a Complaint with the Superior Court of

California, County of San Diego, alleging eight causes of action, the gist of which is that Plaintiff's termination was wrongful. (Compl. [Doc. 1-2].) On May 28, 2017, Defendant's counsel sent Plaintiff's counsel a copy of the 2014 Arbitration Agreement and the purported Acknowledgment thereof. (Edleson Decl. [Doc. 23-2] ¶ 4.) After removing to this Court and answering Plaintiff's Complaint, Defendants filed the present motion to compel arbitration. (Mot.) Plaintiff opposes. (Opp'n [Doc. 23].)

## II. LEGAL STANDARD

The parties do not dispute the fact that the Federal Arbitration Act ("FAA") governs here. Under the FAA, a Court must consider two threshold questions to determine whether to compel arbitration: (1) is there a valid agreement to arbitrate? And, if so, (2) does the agreement cover the matter in dispute? *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Because the parties agree (See Opp'n 8:5–6) that the Arbitration Agreement, if valid, covers the matters in dispute, the Court need only consider whether the agreement is valid.

An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under California law, the elements of a valid contract are (1) parties capable of contracting; (2) mutual consent; (3) a lawful object; and (4) consideration. Cal. Civ. Code § 1550. If the court finds that an agreement to arbitrate is valid and the opposing party presents no viable defenses, the court must order arbitration in accordance with the terms of the agreement. 9 U.S.C. § 4. However, a court will not enforce an otherwise valid contract if there exists a viable defense, such as unconscionability or waiver. *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) (waiver); *Armendariz v. Found. Health Psychcare Servs. Inc*, 24 Cal. 4th 83, 114 (2000) (unconscionability). If there exists a genuine dispute of material fact regarding contract formation and the party opposing arbitration timely demands a jury trial of the issue, the court must submit the issue of contract formation to a jury. 4 U.S.C. § 4.

## III. DISCUSSION

Plaintiff presents three arguments in opposition to compelled arbitration. First, Plaintiff argues that the Arbitration Agreements are invalid because he never consented to them. Second, Plaintiff argues that Defendants waived any purported right to compel arbitration by failing to produce an arbitration agreement when Plaintiff requested his personnel file. Finally, Plaintiff argues that the Arbitration Agreements are unconscionable. The Court will address these arguments in turn.

### A. Consent

Mutual consent is a necessary element to contract formation. Cal. Civ. Code § 1550. Consent to an arbitration agreement can be express or implied in fact. *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 420 (2000). Defendants contend that Plaintiff expressly accepted the 2011 Arbitration Agreement by signing a receipt dated May 6, 2013 indicating he received, among other things, a copy of the Associate Reference Guide. (Receipt.) Alternatively, Defendant's argue that Plaintiff's acceptance of the 2011 Arbitration Agreement can be implied from the fact that he continued working for Defendants for three years after acknowledging receipt of the ARG.

Defendant's express acceptance argument plainly fails. The receipt Plaintiff signed reads as follows

> I hereby acknowledge receipt of all the items checked above, and agree to return them upon termination of my employment with [Defendants]. I am fully responsible for the safekeeping of these items, and I agree to keep them in my possession at all times. I am responsible for immediately reporting broken, lost, and stolen equipment, and may be responsible for replacing items due to negligence.

(Receipt.) The items checked included the ARG, a laptop, business cards, an elevator key, and a name badge. (Id.) The receipt makes no mention of any arbitration provision. Nor does it indicate assent to any of the policies contained in the ARG. By agreeing to safeguard a 168-page document, it simply does not follow that Plaintiff expressly consented to be bound by the arbitration agreement buried inside it.

Defendants implied consent argument relies heavily on *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416 (2000). In *Craig*, an employer twice mailed plaintiff / employee Christine Craig a "Dispute Resolution Agreement" indicating that all employees must arbitrate employment claims. *Craig*, 84 Cal. App. 4th at 420. Though neither mailing was returned as undelivered, Ms. Craig denied having received either mailing. *Id.* The trial court found Ms. Craig's unequivocal denial of receipt unpersuasive and therefore determined that she had in fact received copies of the Dispute Resolution Agreement. *Id.* at 421. The Court of Appeals deferred to the trial court's factual determination that she had received the documents and concluded that her continued employment after her receipt of the arbitration agreement constituted implied acceptance. Defendant urges the Court to reach the same conclusion here because, as in *Craig*, Plaintiff continued his employment for several years after receiving a document (the ARG) containing an arbitration agreement that provides continued employment constitutes acceptance.

The Court finds this argument unpersuasive because it assumes that Plaintiff was aware that his continued employment was conditioned on his acceptance of the 2011 Arbitration Agreement. Plaintiff has created a genuine dispute of material fact on this issue by submitting declaration testimony stating that Defendant never asked him to review or agree to the 168-page ARG document. (Folck Decl. ¶ 8.) Rather, Plaintiff merely signed a form acknowledging that he received a copy of the ARG. (Receipt.) Plaintiff testifies that he never actually read the ARG. (Folck Decl. ¶ 8.) Plaintiff further testifies that "[n]o one from Human Resources or anyone else at Lennar discussed waiver of jury trial or arbitration with me." (Id. ¶ 10.)

Additionally, Plaintiff's Employment Application contained six lines for initials followed by various stipulations. (Employment Application [Doc. 23-5 Ex. C].) Plaintiff initialed all but the last stipulation. This un-initialed stipulation read "(Does not apply to Associates employed in California): Associate and [Defendants] both waive the right to any jury trial in any action, proceeding or counterclaim brought by either party against

the other." (Id.) That Plaintiff did not initial the stipulation waiving his rights to a jury trial tends to suggest that the parties did not reach an agreement to arbitrate, as an agreement to arbitrate would effectively waive the parties' rights to a jury trial. On this evidence, a reasonable jury could find that Plaintiff never consented (expressly or impliedly) to the 2011 Arbitration Agreement.

Alternatively, Defendants argue that Plaintiff expressly consented to the 2014 Arbitration Agreement. In support of this argument, Defendants submit a three-page document containing three prompts, numbered 1, 2, and 9 (Acknowledgment.) The Acknowledgment is an electronic printout of responses Plaintiff purportedly provided while completing Defendant's "Policy Certification Program." The only response of notable relevance to the present motion is Plaintiff's purported response to Prompt 1.[2] Prompt 1 provides a check box next to the language "Yes, (1) I have read the [2014] ARG, (2) I am aware that the current version of the ARG is available at all times, and (3) I agree to adhere to the policies, guidelines, and statements in the ARG." (Id. p. 1.) Per the Acknowledgment, Plaintiff clicked the box indicating assent to Prompt 1. (Id.)

There is no dispute as to the fact that the 2014 ARG contained an arbitration agreement that would require Plaintiff to submit his claims to arbitration. (See 2014 Arbitration Agreement.) Rather, the dispute centers on whether the Acknowledgment document is authentic. Defendant has submitted declaration testimony explaining that the Acknowledgment would not exist had Plaintiff not used a unique username and password to access a secure sever and completed the training. (Randle Decl. [Doc. 15-2]; Marlin Decl. [Doc. 26-2]; Johnson Supp. Decl. [Doc. 26-5].) For purposes of the threshold question of admissibility under Federal Rule of Evidence 901, the Court finds

---

[2] For purposes of this motion, the Court finds Prompt Nine unhelpful to Defendant. Prompt Nine is a prompt asking for acknowledgment of an "Alternative Dispute Resolution Policy" purportedly contained in the 2014 ARG. There is no policy titled "Alternative Dispute Resolution Policy" contained in the 2014 ARG. Rather, the title of the arbitration agreement contained in the ARG is "Dispute Resolution – Mediation and Arbitration Policy." (See 2014 Arbitration Agreement [Doc. 15-5].)

this testimony sufficient to support a finding that the Acknowledgment is what Defendants claim it to be.

That said, it is not a foregone conclusion that a reasonable jury would in fact conclude that the Acknowledgment is authentic. Plaintiff has unequivocally testified that he never actually acknowledged the ARG (Folck Decl. [Doc. 23-4] ¶ 17). Further, Plaintiff's Opposition plausibly suggests that the Acknowledgment could be a fraud. To wit, Plaintiff has demonstrated that Prompt Nine of the Acknowledgment is a prompt asking for acknowledgment of an "Alternative Dispute Resolution Policy" purportedly contained in the 2014 ARG. There is no policy titled "Alternative Dispute Resolution Policy" contained in the 2014 ARG. Rather, the title of the arbitration agreement contained in the ARG is "Dispute Resolution – Mediation and Arbitration Policy." (See 2014 Arbitration Agreement [Doc. 15-5].)

Furthermore, Plaintiff has submitted evidence showing that, though he requested a copy of his personnel file on December 5, 2016, prior to litigation, the Acknowledgment was not part of Defendant's responsive production. (Doc. 23-6.) Rather, Defendants did not produce the Acknowledgment until May 28, 2017, after Plaintiff filed his Complaint. (Edleson Decl. ¶ 4.) Taken together, Plaintiff's unequivocal denial, the inaccurate title, and the delayed production of the document are sufficient to create a genuine issue of material fact regarding the Acknowledgement's authenticity.

### B. <u>Waiver</u>

Plaintiffs contends Defendants waived their right to compel arbitration by failing to produce an arbitration agreement in response to Plaintiff's request for his personnel file. Plaintiff claims this production failure should constitute waiver because it allegedly violates California Labor Code Sections 432 (requiring an employer to produce, upon request, any employment related document an employee signed) and 1198.5 (requiring an employer, upon request, to provide a former employee with a copy of his personnel file).

Plaintiff cites no authority for the proposition that violations of California Labor Code Sections 432 and / or 1198.5 trigger waiver.[3] Further, 'the party arguing waiver of arbitration bears a heavy burden of proof." *Martin v. Yasuda,* 829 F.3d 1118, 1124 (9th Cir. 2016) (internal citations and quotation marks omitted). To carry this burden, Plaintiff must show that Defendants (1) had knowledge of the right to compel arbitration; (2) acted inconsistently with that right; and (3) resulting prejudice. *Id.* Because this test is phrased in the disjunctive, failure of any one of these three elements suffices to defeat waiver.

Here, Plaintiff presents no argument as to how Defendants acted inconsistently with a right to compel arbitration. After commencement of this litigation, Defendants have only removed, answered, and filed the present motion to compel arbitration. Further, within two months of the filing of Plaintiff's Complaint in state court, Defendants' counsel informed Plaintiff's counsel via email that there was an arbitration agreement that they wanted Plaintiff to honor. (Edleson Decl. ¶ 4.) These actions are entirely consistent with an intention to compel arbitration. Plaintiff's waiver argument therefore fails.

### C. Unconscionability

Plaintiff contends that the arbitration agreements are unenforceable under the doctrine of unconscionability. Unconscionability carries both a procedural and a substantive element, and a court can refuse to enforce a contract or portion thereof as unconscionable only if both are satisfied. *Armendariz v. Foundation Health Psychcare Servs.*, 24 Cal. 4th 83, 114 (2000). "The procedural element generally takes the form of an adhesion contract, which imposed and drafted by the party of superior bargaining

---

[3] This is not a finding that Defendants in fact violated Sections 432 and / or 1198.5.

strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 713 (2004).

Here, the arbitration agreement was imposed and drafted by Defendants, who, as employer, appear to be the party of superior bargaining strength. Furthermore, during deposition, a senior human resources employee of Defendants stated that Defendants do not afford their employees the opportunity to negotiate out of arbitration agreements. (Randle Dep. 42:17–21.) Accordingly, the Court finds the Arbitration Agreements procedurally unconscionable.[4]

Plaintiff presents five arguments[5] as to why the Arbitration Agreement is also substantively unconscionable. "The substantive element of unconscionability focuses on the actual terms of the agreement and evaluates whether they create overly harsh or one-sided results, that is, whether contractual provisions reallocate risks in an objectively unreasonable or unexpected manner. To be substantively unconscionable, a contractual provision must shock the conscience." *Baker v. Osborne Dev. Corp*, 159 Cal. App. 4th 884, 894 (2008) (internal quotation marks and citations omitted).

First, Plaintiff contends that the provision of the 2014 Arbitration Agreement that "[a]ll proceedings shall be confidential as allowed by law" is unconscionable. (2014 Arbitration Agreement p. 2.) In support of this argument Plaintiff cites *Ting v. AT&T*, 319 F.3d 1126, 1151–52 (9th Cir. 2003). In *Ting*, the Ninth Circuit held that a confidentiality clause in an employment arbitration agreement was unconscionable because it gave the employer the advantage of greater access to more arbitral precedent.

---

[4] Plaintiff also argues that it is unconscionable to incorporate by reference the AAA's rules into the 2014 Arbitration Agreement. The Court finds this argument unpersuasive because Plaintiff fails to explain how the rules thus incorporated are themselves unconscionable. *Baltazar v. Forever 21, Inc.*, 62 Cal. App. 4th 1237, 1236 (2016).

[5] Additionally, Plaintiff argues that the class action waiver is illegal under *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016). This is true, and the Court therefore will sever the class action waiver if a jury finds that Plaintiff assented to the arbitration agreement. However, because this is not a class action, the class action waiver effectively has no relevance to this dispute.

*Ting,* 319 F.3d at 1151–52. This advantage, the court reasoned, stemmed from the fact that whereas the employer is likely to be a repeat player in the arbitration process, the employee is not. *Id.*

If *Ting* was good law with respect to the unconscionability of confidentiality provisions in employment arbitration agreements, the analogy would be persuasive. *Ting* is not good law on this issue. In the subsequent decision *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1267 (9th Cir. 2017), the Ninth Circuit recognized that a California Court of Appeal has rejected the policy argument underpinning the *Ting* decision and found that these types of confidentiality clauses in employment arbitration agreements are not substantively unconscionable. *Poublon*, 846 F.3d at 1266 (*citing Sanchez v. CarMax Auto Superstores Cal. LLC*, 224 Cal. App. 4th 398 (2014) (*review denied*, June 11, 2014)). Plaintiff's first argument therefore fails.

Second, Plaintiff argues that the 2014 Arbitration Agreement's provision for attorneys' fees and costs is unconscionable. The 2014 Arbitration Agreement provides that

> The Associate will pay AAA's filing fee for disputes arising under "employer-promulgated plans" under the Arbitration Rules and bear his/her own attorney's fees and costs of preparing the case, unless the arbitrator awards such fees and costs. The arbitrator is empowered to award attorneys' fees and costs to either party based on applicable law. The company will pay the remaining part of the filing fee, AAA's administrative fees for such disputes, and the fees and expenses of the arbitrator, and it will provide or pay for the hearing facilities.

(2014 Arbitration Agreement, p. 3 of 4.)

Under California law, an employment arbitration agreement is substantively unconscionable if it requires the employee to bear any expenses he would not have to bear in court. *Armendariz*, 24 Cal. 4th at 110. Some of the causes of action alleged in Plaintiff's complaint contain provisions requiring a court to award reasonable attorneys' fees and costs to a prevailing employee and restricting a court's ability to award attorneys' fees and costs to a prevailing employer. *E.g.* Cal. Lab. Code § 218.5. Plaintiff

contends that the above quoted language from the 2014 Arbitration Agreement purports to alter California's fee/cost shifting scheme in a way that could require him to incur fees and costs he would not be subject to in court.

The Court is not persuaded that the 2014 Arbitration Agreement purports to alter California's fee/cost shifting schemes with respect to Plaintiff's claims. Specifically, the 2014 agreement provides that the arbitrator may award fees and costs, but only to the extent authorized by applicable law. It is true that this provision would be unconscionable under *Armendariz* if it gave the arbitrator discretion to not award Plaintiff fees and costs that he would be entitled to in Court. That said, the court "may so limit the application of any unconscionable clause as to avoid any unconscionable result." Cal. Civ. Code § 1670.5. The Court therefore construes this language as requiring the arbitrator to award any fees and costs to the extent either party would be entitled to such fees and costs were this case litigated in court. So construed, the 2014 Arbitration Agreement's attorneys' fees and costs provision is not unconscionable.

Third, Plaintiff contends that the 2014 Arbitration Agreement provides features unconscionable discovery limitations. The 2014 Arbitration Agreement provides that

> formal discovery in any arbitration proceeding shall be limited to four (4) depositions per side; fifteen (15) interrogatories per side; and requests for production of documents / things shall be limited to thirty (30) documents categories per side. Provided, however, that the arbitrator shall have the power to increase the number of depositions, document requests and interrogatories upon a showing of good cause and substantial need and that the requested discovery is not duplicative or cumulative and cannot be obtained by less-intrusive, less burdensome, and less-expensive means.

(2014 Arbitration Agreement, p 3 of 4.)

To avoid unconscionability, an arbitration agreement need not provide for the same amount of discovery as a court would allow. *See Armendariz*, 24 Cal. 4th at 105–6. Indeed, "arbitration is meant to be a streamlined procedure. Limitations on discovery . . . is one of the ways streamlining is achieved." *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 983 (2010). Thus, to successfully invoke the unconscionability defense, an

1  employee must demonstrate that the discovery limitations "would prevent him from
2  vindicating his rights in his particular case." *Sanchez v. Carmax Auto Superstores Cal.*,
3  LLC, 224 Cal. App. 4th (2014). Here, Plaintiff has made no showing whatsoever as to
4  how, *in this case*, a limitation (which the arbitrator can extend on a showing of
5  substantial need) to four depositions, fifteen interrogatories, and thirty categories of
6  document requests will prevent him from vindicating his rights. The Court therefore
7  finds that Plaintiff has failed to carry his burden of demonstrating that the discovery
8  limitations are substantively unconscionable.

Fourth, Plaintiff contends that the unilateral modification clause is unconscionable. This clause provides that the "Arbitration Policy is subject to modification by the Company in its sole discretion. Any modifications shall be effective after thirty (30) days' notice to Associates." (2014 Arbitration Agreement, p. 4 of 4.) This argument is unpersuasive because, as Plaintiff acknowledges in his own opposition (Opp'n 22:17–20) California law provides that the implied covenant of good faith and fair dealing saves unilateral modification clauses from triggering the unconscionability defense. *Casas v. Carmax Auto Superstores Cal. LLC*, 224 Cal. App. 4th 1233, 1237 (2014); *See also Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1033 (9th Cir. 2016) (recognizing that unilateral modification provisions in arbitration agreements are not substantively unconscionable under California law).

//
//
//
//
//
//
//
//
//

## IV. CONCLUSION AND ORDER

For the foregoing reasons the Court finds that this dispute must go to arbitration if Plaintiff consented to either of the Arbitration Agreements. Because there is a genuine dispute of material fact as to whether Plaintiff actually consented to either agreement and Plaintiff has requested this issue be tried to a jury, the FAA requires the Court to submit the issue of consent to a jury. 9 U.S.C. § 4. Accordingly, the Court orders as follows:

- Within three days of the entry of this order, the parties shall contact the chambers of the Honorable Nita L. Stormes and request a settlement conference.
- Within fourteen days of the settlement conference, the parties shall jointly file a status report indicating whether they wish to proceed to a jury trial on the issue of mutual assent.
- The Clerk of Court shall terminate this motion.

**IT IS SO ORDERED.**

Dated: April 10, 2018

_____
Hon. M. James Lorenz
United States District Judge